UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

JIAHANG LIN, WASING CHAN,
YONGJIE CHEN, JIANSHENG LUO,
ZHONGXIAN RUAN, LIYAN ZHENG,
LIANMING CHEN, ANWEI LI, and
YINGQIANG TAN,

                Plaintiffs,

      v.

RISING SUN RESTAURANT, INC., *d/b/a
ChopStix*, GRAND JOINT FORTUNE
RESTAURANT, INC., *d/b/a ChopStix*,
GEORGE KANG WONG, and MAY
KUEN MOY,

                Defendants.

-----------------------------------------------------x

**MEMORANDUM AND ORDER**
17-CV-1044 (RPK) (RML)

RACHEL P. KOVNER, United States District Judge:

      The nine plaintiffs in this case sued their former employer for violations of the New York Labor Law. A jury awarded plaintiffs damages on some claims, but denied seven of the nine plaintiffs damages for their overtime and spread-of-hours claims, after finding that those plaintiffs had been paid the overtime and spread-of-hours pay they were owed. Those seven plaintiffs now argue the jury's findings about overtime and spread-of-hours pay were inconsistent with other jury findings regarding their regular rate of pay. They ask the Court to enter a judgment that disregards some of the jury's findings. For the reasons explained below, the motion is denied.

## BACKGROUND

      Plaintiff Jiahang Lin filed this case in 2017, raising claims under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y.

1

Lab. Law §§ 190 *et seq.*, 650 *et seq.* *See* Compl. (Dkt. #1). Ultimately, eight other plaintiffs joined the lawsuit. *See* Aug. 18, 2017 Order Granting Mot. to Certify FLSA Collective Action; May 15, 2018 Min. Entry (Dkt. #48). The nine plaintiffs were former employees of two Chinese restaurants—Rising Sun Restaurant, Inc. and Grand Joint Fortune Restaurant, Inc.—operating in Brooklyn under the name "Chopstix." *See, e.g.*, Tr. of Civil Cause for Trial ("Tr.") 58, 107 (Dkt. ##150–57).

Plaintiffs proceeded to trial on their NYLL claims for failure to provide wage notices and wage statements, unpaid minimum wages, and—especially relevant to plaintiffs' motion—unpaid overtime and unpaid spread-of-hours compensation. Under the NYLL, an employee who works more than 40 hours in a given work week is entitled to overtime compensation in the amount of 1.5 times the greater of either the applicable minimum wage rate or the employee's "regular rate" of pay for each additional hour of work. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2; *see* 29 U.S.C. § 207(a). And an employee whose "spread of hours"—meaning the "interval between the beginning and end of [his] workday"—exceeds 10 hours on any given day is entitled to "receive one [additional] hour's pay at the basic minimum hourly wage rate" for each such day. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4(a), 142-2.18.

At the conclusion of trial, the case was submitted to the jury for a special verdict, by which the jury was asked to make "a special written finding on each issue of fact" relevant to plaintiffs' claims. Fed. R. Civ. P. 49(a). Neither party moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) before the case was submitted to the jury. *See* Tr. 713:14–753:23.

The jury received a separate verdict sheet for each plaintiff. *See generally* J. Luo Verdict Sheet (Dkt. #131); L. Chen Verdict Sheet (Dkt. #132); L. Zheng Verdict Sheet (Dkt. #133); Y.

Tan Verdict Sheet (Dkt. #135); Y. Chen Verdict Sheet (Dkt. #136); Z. Ruan Verdict Sheet (Dkt. #137); A. Li Verdict Sheet (Dkt. #138) (collectively, the "Verdict Sheets").

The verdict sheets first asked the jury to make a series of predicate factual findings relevant to plaintiffs' overtime, minimum wage, and spread-of-hours claims: (1) when the plaintiff was employed at a Chopstix restaurant, *see* Verdict Sheets ¶ II; (2) how many hours per week the plaintiff worked during that time, *see id.* ¶ III(1); (3) whether the plaintiff was paid "on an hourly basis" or "paid a salary or flat rate for an agreed-upon period of time," *id.* ¶ III(2)(a); and (4) what the plaintiff's "regular rate of pay" was during his period of employment, *id.* ¶ III(2)(b)–(c).

Then, on plaintiffs' overtime claims specifically, the jury was asked to determine (5) whether each plaintiff ever worked overtime hours, and, if so, how many, *see id.* ¶¶ IV(1)–(2); (6) whether the plaintiff received the required time-and-a-half overtime pay for every overtime hour worked, *see id.* ¶ IV(3); and (7) if not, the number of overtime hours per calendar year of employment "for which plaintiff did not receive overtime pay," *id.* ¶ IV(4).

And as to plaintiffs' spread-of-hours claims, the verdict sheet required the jury to make findings as to (8) whether each plaintiff had ever worked more than 10 hours on any given day during his employment, *see id.* ¶ V(1); (9) whether the plaintiff was paid "at least 1 additional hour's pay at the applicable New York minimum wage for each [such] day," *id.* ¶ V(2); and (10) if not, the number of days in each calendar year on which plaintiff was not paid spread-of-hours compensation when owed it, *see id.* ¶ V(3).[1]

---

[1] The verdict sheets also asked the jury to make findings on plaintiffs' NYLL wage-statement and wage-notice claims, which are not at issue here. *See* Verdict Sheets ¶¶ VI–VII. The jury found that defendants had not provided any of the nine plaintiffs adequate wage notices at the time of being hired and that this failure was not in good faith. *See* Verdict Sheets ¶¶ VI(1)–(4). It found that defendants had failed to provide accurate wage statements to each defendant every payday, but that defendants had acted in good faith. *See* Verdict Sheets ¶¶ VII(1)–(3).

On the second day of deliberations, the jury indicated that it had reached a verdict.  The jury found that four of the moving plaintiffs—Jiansheng Luo, Lianming Chen, Yingqiang Tan, and Anwei Li—were paid by Chopstix on a salaried basis.  *See* J. Luo Verdict Sheet ¶ III(2)(a); L. Chen Verdict Sheet ¶ III(2)(a); Y. Tan Verdict Sheet ¶ III(2)(a); A. Li Verdict Sheet ¶ III(2)(a) (collectively, the "Salaried Verdict Sheets").  And it found that the other three moving plaintiffs— Liyan Zheng, Zhongxian Ruan, and Yongjie Chen—were paid hourly.  *See* L. Zheng Verdict Sheet ¶ III(2)(a); Z. Ruan Verdict Sheet ¶ III(2)(a); Y. Chen Verdict Sheet ¶ III(2)(a) (collectively, the "Hourly Verdict Sheets").  The jury went on to find the dates and hours of employment for each of these plaintiffs and to calculate their regular rates of pay.  *See* Hourly Verdict Sheets ¶¶ II, III(1), III(2)(b); Salaried Verdict Sheets ¶¶ II, III(1), III(2)(c).

But it soon became apparent that the jury had not answered every question on the verdict sheets for the seven moving plaintiffs.  On the questions relating to overtime pay, the jury found that the each of the seven moving plaintiffs had worked overtime hours, and answered "No" when asked whether the plaintiff was paid the required overtime pay for each overtime hour he was owed.  Verdict Sheets ¶¶ IV(1)–(3).  But, for six of the seven moving plaintiffs—everyone except Yongjie Chen—the jury left blank the question asking them to calculate the number of hours of unpaid overtime each plaintiff accrued during his employment, writing the following note in the margin of each sheet: "We don't have enough evidence to properly answer this question."  *Id.* ¶ IV(4).  As to hourly plaintiff Yongjie Chen, the jury found that he worked 16 overtime hours per week from November 2013 to September 2016, but that he was entitled to unpaid overtime only for 125.5 overtime hours worked in 2016, noting that its answer was "[b]ased on the only time cards we have."  Y. Chen Verdict Sheet ¶ IV(4); *see* Tr. 923.

The jury's responses to the spread-of-hours questions were similar. The jury found that each plaintiff had worked more than 10 hours per day at some point during his tenure at Chopstix. Verdict Sheets ¶ V(1). For five of the moving plaintiffs—everyone except Yongjie Chen and Liyan Zheng—the jury initially answered "No" when asked whether the plaintiff received the required spread-of-hours pay for each day he was owed it but, just as with the overtime claims, left blank the question asking the jury to find the number of days of spread-of-hours compensation the plaintiff was owed, again writing in each case that "[w]e don't have enough evidence to properly answer this question." Verdict Sheets ¶¶ V(2)–(3); *see* Z. Ruan Verdict Sheet ¶ V(3) (wording the note as follows: "We don't have enough information to determine this, based on the evidence provided."). The jury found that plaintiff Yongjie Chen was owed 27 days of unpaid spread-of-hours compensation for calendar year 2016, noting that its answer was "[b]ased on the time cards we have in evidence." Y. Chen Verdict Sheet ¶ V(3); *see* Tr. 924. And the jury stopped a step earlier for hourly plaintiff Liyan Zheng, concluding that they "[did not] have enough evidence to properly answer" even the yes-or-no question whether plaintiff was paid an additional hour for each day his spread-of-hours exceeded 10 hours. L. Zheng Verdict Sheet ¶ V(2).

After discussing these responses with the parties at sidebar, the Court concluded that the jury should be directed to answer every question on the verdict sheets. *See* Tr. 942–48. After being reinstructed on the questions relating to overtime pay and spread-of-hours pay, *see id.* at 953–55, 967–75, the jury returned to its deliberations and eventually notified the court that it had once again reached a verdict, *see id.* at 976. The jury's verdict was unchanged for plaintiff Yongjie Chen. *See* Tr. 985. But as to the other six moving plaintiffs, the jury changed its answers. Where before the jury had answered "No" when asked whether each plaintiff was paid time-and-a-half for each overtime hour he worked, the jury now crossed out that answer and instead answered

"Yes." Verdict Sheets ¶ IV(3). And where before the jury had answered "No" when asked whether each plaintiff received spread-of-hours pay for each day he worked greater than 10 hours (or, in Liyan Zheng's case, left the question blank), the jury now likewise answered "Yes." *Id.* ¶ V(2).

After the verdict was read, the Court polled, thanked, and then discharged the jury. Tr. 985:13–987:6. Neither party objected to the verdict before the jury was discharged. *See ibid.* After the jury exited the courtroom, plaintiffs' counsel stated that he wanted "to brief the issue of whether the answers to the special interrogatories were self inconsistent." Tr. 987:11–13.

Plaintiffs then filed the instant "Motion to Harmonize Inconsistent Special Verdict." Mem. in Supp. of Mot. to Harmonize Inconsistent Special Verdict ("Pls.' Mot.") (Dkt. #147). Plaintiffs ask the Court to "harmonize" the jury's purportedly inconsistent special verdicts, arguing that "where a verdict is rendered inconsistent by the jury's special interrogatory answers, it is the duty of the court to attempt to harmonize the answers," and that therefore "where there is a view of the case that makes the jury's answers to the special interrogatories consistent, they must be resolved that way." Pls.' Mot. at 2 (brackets omitted) (quoting *United States v. Pierce*, 940 F.3d 817, 821 (2d. Cir. 2019)). For the salaried plaintiffs—Jiansheng Luo, Lianming Chen, Yingqiang Tan, and Anwei Li—plaintiffs ask the Court to disregard the jury's determinations that the moving plaintiffs were paid overtime and spread-of-hours pay, and instead determine that those plaintiffs "were not paid any overtime or spread of time." Pls.' Mot. at 3 (capitalization altered); *see id.* at 15–16. For the hourly plaintiffs—Liyan Zheng, Zhongxian Ruan, and Yongjie Chen (for years prior to 2016)—plaintiffs ask that the Court find that they "were paid at a rate of $5.00 per hour for each of their overtime hours, and were not paid either time-and-a-half for their overtime hours, or spread of time for their days when their spread of time exceeded 10 hours," which would set aside the

jury's findings that these plaintiffs "were paid all the overtime and spread of time they were owed." *Id.* at 19. Finally, the motion states that "[i]f the jury's answers cannot be harmonized rationally, the judgment must be vacated and a new trial ordered." *Id.* at 2 (quoting *Brooks v. Brattleboro Mem'l Hosp.*, 958 F.2d 525, 529 (2d Cir. 1992)). The motion's standard-of-review section also cites the standard for judgment as a matter of law under Rule 50. *See id.* at 2–3.

## DISCUSSION

Plaintiffs' motion to "harmonize" the jury's verdict by disregarding certain jury findings is denied. Plaintiffs forfeited a claim that the special verdicts in this case were inconsistent by failing to raise it before the jury was excused. And plaintiffs have not otherwise established that they are entitled to judgment as a matter of law.

### I.   Inconsistent Verdicts

Plaintiffs have forfeited any objection to inconsistency in the jury's special verdicts.

Where, as here, a jury renders a verdict using special interrogatories or a special verdict, "the jury's answers thereto 'must be consistent with each other,' since they form the basis for resolving the case." *Brooks*, 958 F.2d at 529 (quoting *Auwood v. Harry Brandt Booking Off., Inc.*, 850 F.2d 884, 890 (2d Cir.1988)); *see Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (applying *Brooks* to a special verdict). But "[i]t is well established that a party waives its objection to any inconsistency in a jury verdict if it fails to object to the verdict prior to the excusing of the jury." *Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 83 (2d Cir. 2006); *accord DiBella v. Hopkins*, 403 F.3d 102, 117 (2d Cir. 2005). The purpose of requiring a party "to timely notify the court of a perceived verdict inconsistency" is "to permit an opportunity for correction of the error while the jury remains empanelled, thereby possibly heading off a second lengthy trial." *Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 47 (2d Cir. 2015).

7

Here, plaintiffs failed to preserve their objection to the jury's purportedly inconsistent verdicts, because they did not object to the jury's verdict after it was delivered and before the jury was discharged. *See* Tr. 976:1–987:6. Nor did plaintiffs object to the content or format of the verdict sheets before the jury began its deliberations. *See* Tr. 757:3–7.[2] Instead, the first time plaintiffs raised the possibility of inconsistency was after the jury had been excused, stating that they would "have to brief the issue of whether the answers to the special interrogatories were self inconsistent." Tr. 987:4–13. Even assuming this statement was sufficiently specific to put the Court on notice of the nature of plaintiffs' inconsistency objection, plaintiffs' "challenge was waived by [their] failure to raise an inconsistency objection *before* the district court discharged the jury." *Cash v. County of Erie*, 654 F.3d 324, 342 (2d Cir. 2011) (emphasis added). Especially since the jury had already been reinstructed and sent back for additional deliberations after initially returning ambiguous responses, plaintiffs were on notice that they could have requested further instructions if they were dissatisfied with the answers the jury returned the second time.

## II.    Judgment as a Matter of Law

Plaintiffs have also not established that they are entitled to judgment as a matter of law under Rule 50. Such a motion "must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). "Under Rule 50(a), a motion for judgment as a matter of law must first be made before the case is submitted to the jury, and renewed following the verdict pursuant to Rule 50(b)." *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97 (2d Cir. 2014). If a party fails to move under Rule 50(a) and then "later

---

[2] To the extent the alleged inconsistencies were traceable to the content of the verdict sheets or the jury charge, the deadline to object would have been earlier—prior to the initial submission of the case to the jury. *See Kosmynka*, 462 F.3d at 84–85 ("Waiver of an objection to an inconsistent verdict has been found in this Circuit when the inconsistency was caused by an improper jury instruction or verdict sheet and there was no objection to either the instruction or verdict sheet prior to submission of the case."); *see, e.g.*, *Fabri v. United Techs. Int'l, Inc.*, 387 F.3d 109, 121 (2d Cir. 2004).

moves under Rule 50(b), the standard for granting judgment as a matter of law is elevated, and the motion may not properly be granted by the district court . . . except to prevent manifest injustice." *Ibid.* "Manifest injustice exists where a jury's verdict is wholly without legal support," *ibid.*, but not where, "had [the moving party] raised the issue at trial, it may be that [the nonmoving party] would have been able to present additional evidence" in support of the verdict, *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 165 (2d Cir. 1998). Because plaintiffs did not make any Rule 50(a) argument before the case was submitted to the jury, the manifest-injustice standard would apply to any Rule 50(b) argument contained in plaintiffs' post-trial motions.

Here, any Rule 50(b) argument presented in plaintiffs' motion falls short because plaintiffs have not set forth any law or facts entitling them to relief under the high manifest-injustice standard. For the salaried plaintiffs, a Rule 50 motion is simply the wrong vehicle for plaintiffs' arguments, which focus entirely on the perceived inconsistency between the jury's special verdicts, not the sufficiency of the evidentiary basis for the jury's verdicts. *See* Pls.' Mot. 3–18. "An inconsistent verdict is a possible ground for a new trial, but not for entry of judgment as a matter of law." *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 550 (S.D.N.Y. 2011); *cf. Anderson Grp., LLC*, 805 F.3d at 47 ("We have also rejected the argument that a litigant may rely on a motion for judgment as a matter of law to preserve an inconsistency argument.").

And plaintiffs' arguments with respect to the three hourly plaintiffs—Liyan Zheng, Zhongxian Ruan, and Yongjie Chen—are also deficient. The jury found that each of these plaintiffs were paid on an hourly basis and at regular rate of pay of $5 per hour (plus applicable meal credits). *See* Hourly Verdict Sheets ¶¶ III(2)(a)–(b), III(4)(a)–(c). The jury also found that each of these plaintiffs received overtime and spread-of-hours compensation (for Yongjie Chen, only prior to 2016). *Id.* ¶¶ IV(3), V(2). Plaintiffs acknowledge that the jury could rationally make

each of these findings, *see* Pls.' Mot. 19, but they argue that "[t]his harmonization would be completely contrary to the evidence adduced at trial," pointing to plaintiffs' testimony. They therefore argue that the jury's verdicts as to these plaintiffs should be set aside and the Court should find that they did not receive the required overtime and spread-of-hours pay. *Ibid.*

These arguments fail to satisfy the manifest-injustice standard for judgment notwithstanding the verdict because the special verdict answers to which plaintiffs object are not wholly without legal support. Plaintiffs had the burden of proving that they did not receive overtime or spread-of-hours compensation as required under the NYLL. *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 41 (E.D.N.Y. 2015). While it is possible for plaintiffs to meet their burden through estimates based on their own recollections, *id.* at 42 n.10, the jury was not legally obligated to credit the plaintiffs' testimony on these points.

Accordingly, even if these portions of plaintiffs' inconsistency motion are construed to present a motion under Rule 50 motion for judgment as a matter of law, plaintiffs' motion would fail.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion is denied. The parties are directed to submit a statement of damages within forty-five days of this order.

SO ORDERED.

　/s/  Rachel Kovner　　　
RACHEL P. KOVNER
United States District Judge

Dated: February 3, 2025
　　　Brooklyn, New York