**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

JIAHANG LIN,
WASING CHAN,
YONGJIE CHEN,
JIANSHENG LUO,
ZHONGXIAN RUAN,
LIYAN ZHENG,
LIANMING CHEN,
ANWEI LI, and
YINGQIANG TAN,

Plaintiffs, Case No. 17-cv-01044 (RPK) (SJB)

v.

RISING SUN RESTAURANT, INC.
d/b/a ChopStix,
GRAND JOINT FORTUNE RESTAURANT, INC.
d/b/a ChopStix,
GEORGE KANG WONG, and
MAY KUEN MOY,

Defendants.

---------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**

Aaron B. Schweitzer
TROY LAW, PLLC
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com
*Attorneys for Plaintiffs*

**<u>TABLE OF CONTENTS</u>**

Table of Authorities ........ ii

Preliminary Statement ........ 1

Standard ........ 1

Argument ........ 2

I. PLAINTIFFS SHOULD BE AWARDED ATTORNEY FEES AT THE REQUESTED RATES AND FOR THE REQUESTED HOURS, AND COSTS ........ 2

**A. THE HOURS SPENT ON THIS MATTER ARE REASONABLE** ........ 2

B. THE HOURLY RATES SOUGHT ARE REASONABLE ........ 3

**II. Plaintiff Seeks Compensable Costs** ........ 7

CONCLUSION ........ 8

**TABLE OF AUTHORITIES**

**Cases**

*Alfaro v. Saba Live Poultry Corp.I*, No. 23-cv-01102 (RA) (KHP), 2024 WL 2112878, 2024 U.S. Dist. LEXIS 88310 (S.D.N.Y. May 6, 2024) ........ 5

*Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509 (S.D.N.Y. 2011) ........ 2, 8

*Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, 2018 U.S. Dist. LEXIS 25171 (E.D.N.Y. Feb. 15, 2018) ........ 5

*Antony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504 (2d Cir. 2012) ........ 1

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F. 3d 182 (2d Cir. 2007, amended Apr. 10, 2008) ........ 2, 3, 4

*Bank of Am., N.A. v. Malkin*, 2018 U.S. Dist. LEXIS 14529, 2018 WL 624636 (D. Conn. Jan. 30, 2018) ........ 3

*Cao v. Wu Liang Ye Lexington Rest., Inc.* No. 08-cv-03725, 2010 U.S. Dist. LEXIS 109373 (S.D.N.Y. Sep. 30 2010) ........ 7, 8

*Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, No. 10-cv-2262, 2019 WL 2870721 (E.D.N.Y. June 18, 2019), *adopted*, 2019 WL 2869150 (E.D.N.Y. July 3, 2019)6

*Claud v. Brown Harris Stevens of the Hamptons, Inc*., No. 2:18-cv-1930, 2024 WL 245261 (Jan. 23, 2024) ........ 6

*Gagne v. Maher*, 594 F. 2d 336 (2d Cir. 1979) ........ 2

*Gerlinger v. Gleason*, 160 F.3d at 858 (2d Cir. 1998) ........ 5

*Grant v. Martinez*, 973 F.2d 96 (2d Cir. 1992) ........ 1, 2

*Grochowski v. Ajet Constr. Corp.*, No. 97-cv-06269, 2002 WL 465272, 2002 U.S. Dist. LEXIS 5031 (S.D.N.Y. Mar. 27, 2002) ........ 2

*Hu et al v. 226 Wild Ginger Inc. et al*, No. 17-cv-10161 (JGK) (KNF) (S.D.N.Y. Oct. 7, 2020).. 7

*HVT, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15-cv-5867, 2023 WL 5441898 (E.D.N.Y. Aug. 22, 2023), *adopted*, 2023 WL 6035673 (E.D.N.Y. Sep. 15. 2023) ........ 6

*In re "Agent Orange" Prod. Liability Litig*., 818 F.2d 226 (2d Cir. 1987) ........ 3

*Ji et al v. Jling, Inc. et al*, No. 15-cv-04194 (SIL) (E.D.N.Y. Mar. 2, 2023) ........ 7

*Kim v. 167 Nail Plaza, Inc.,* No. 05-cv-8560, 2008 U.S. Dist. LEXIS 111900 (S.D.N.Y. Nov. 24, 2008) *recommendation adopted*, 2009 U.S. Dist. LEXIS 1992 (S.D.N.Y. Jan. 12, 2009) ........ 7

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998) .................................................. 5, 7

*Lu et al v. Golden Fortune Restaurant Inc et al*, No. 656927/2019 (Sup. Ct. N.Y. Cty. Apr. 27, 2022 Oral Order) .................................................................................................................. 7

*Marquez v Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128 (S.D.N.Y. Nov. 10, 2014) ........................................................................................................................ 8

*Millea v. Metro-North R.R.*, 658 F.3d 154 (2d Cir. 2011) ............................................................ 1

*Morris v. Affinity Health Plan, Inc.* , 859 F. Supp. 2d 611 (S.D.N.Y. 2012) ................................ 8

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F. 2d 1136 (2d Cir. 1983) ................. 2

*National Environmental Safety Co., Inc. v. Katz*, No. 18-cv-2161, 2019 WL 1994049 (E.D.N.Y. May 6, 2019) ........................................................................................................................ 6

*Pall Corp. v. 3M Purification Inc.*, Nos. 97-07599 (RRM) (ETB), 03-cv-00092 (RRM) (ETB), 2012 WL 1980403, 2012 U.S. Dist. LEXIS 76755 (E.D.N.Y. June 1, 2012) ........................... 4

*Perdue v. Kenny A.*, 559 U.S. 542 (2010) ...................................................................................... 3

*Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23 (2d Cir. 1983) ............................................ 3

*Quintanilla v. Good Eats Meal Plan Corp.*, No. 18-cv-04350, 2019 WL 1936731 (E.D.N.Y. May 1, 2019) ........................................................................................................................ 6

*Reiter v. Maxi-Aids, Inc.*, No. 14-cv-03712, 2019 WL 1641306 (E.D.N.Y. Apr. 16, 2019) .......... 6

*Rubin v. HSBC Bank USA, N.A. Equifax Info. Servs. LLC*, 763 F. Supp. 3d 233 (E.D.N.Y. 2025) ........................................................................................................................ 4, 5

*Sagbaciela v. Ruby Nail Tarrytown, Inc.* No. 53960/2021 (Sup. Ct. Westchester Cty. Feb. 27, 2023 oral ruling) ........................................................................................................................ 7

*Schwartz v. United States Drug Enforcement Admin.*, No. 13-cv-05004, 2019 WL 1299192 (E.D.N.Y. Mar. 1, 2019), *adopted*, 2019 WL 1299660 (E.D.N.Y. Mar. 21, 2019) .................... 6

*Shen v. Number One Fresco Tortillas*, No. 16-cv-2015 (RWL) (S.D.N.Y. Feb. 19, 2019) ........... 7

*Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170 (2d Cir. 2009) ................................................ 3, 4

*Singh et al. v. Dany Restoration, Inc. et al*, No. 17-cv-03787 (S.D.N.Y. Sep. 18, 2018) .............. 7

*Sung v. Top Sys. Alarm Inc.*, 734 F. Supp. 3d 235 (E.D.N.Y. 2024), *adopted* 734 F. Supp. 3d 235 (E.D.N.Y. 2024) ........................................................................................................................ 4

*Tackie v. Keff Enters. LLC*, No. 14-cv-02070 (JPO), 2024 WL 4626229, 2014 U.S. Dist. LEXIS 130148 (S.D.N.Y. Sep. 16, 2014) ........................................................................................ 1

*Trustees v. Cali Enter., Inc*., No. 18-cv-03556, 2019 WL 2076784 (E.D.N.Y. May 10, 2019)..... 6

*Wang v. Maxim International Group, Inc.*, No. 01-20-0000-0617 (A.A.A. Final Award June 1, 2021) ..... 7

*Weng v. Kung Fu Little Steamed Buns et al*, No. 17-cv-00273 (LAP) (S.D.N.Y. May 21, 2021) . 7

*Xu v. Kealoha Sushi Inc. et al*, No. 19-cv-01185 (PAE) (SDA) (S.D.N.Y. August 24, 2021)....... 7

*Zhang v. Chongqing Liuyishou Gourmet NJ Inc*., No. 18-cv-10359 (CCC) (SCM) (D.N.J. Nov. 26, 2019) ..... 7

*Zhang v. New Beijing Wok Inc. et al*, No. 17-cv-09465 (S.D.N.Y. Mar. 3, 2020) ..... 7

**Statutes**

N.Y. Lab. L. § 663(1) ..... 1

Plaintiffs JIAHANG LIN, WASING CHAN, YONGJIE CHEN, ZHONGXIAN RUAN, and LIYAN ZHENG ("Plaintiffs"), by and through undersigned counsel, hereby move this Court for an award of reasonable attorneys' fees and costs.

## **PRELIMINARY STATEMENT**

By virtue of the Court's Order of May 14, 2025 in favor of Plaintiffs, Plaintiffs are prevailing parties, and Defendants are jointly and severally liable for various unpaid wages and penalties under the New York Labor Law ("NYLL"). A Plaintiff who successfully recovers unpaid wages is additionally entitled to reasonable attorneys' fees under the NYLL. *See* N.Y. Lab. L. § 663(1) ("If any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, [and] prejudgment interest as required under the civil practice law and rules….").

## **STANDARD**

In assessing attorneys' fees in wage and hour cases, courts "ordinarily award a lodestar fee, which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively." *Tackie v. Keff Enters. LLC*, No. 14-cv-02070 (JPO), 2024 WL 4626229, 2014 U.S. Dist. LEXIS 130148, at *14–15 (S.D.N.Y. Sep. 16, 2014) (citing *Antony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (2d Cir. 2012); *Millea v. Metro-North R.R.*, 658 F.3d 154, 166 (2d Cir. 2011); *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). The amount is calculated based on "(1) a consideration of the number of hours actually spent by counsel and other personnel that are deemed reasonably necessary to the successful outcome for the client and (2) the setting of reasonable hourly rates for counsel, a criterion most recently, if opaquely, described as 'the rate a paying client would be willing to pay.'" *Briese Lichttechnik Vertereibs GmbH v. Langton*, No. 09-cv-09790 (LTS) (MHD), 2010

U.S. Dist. LEXIS 107831, 2010 U.S. Dist. LEXIS 107831, at *4 (S.D.N.Y. Oct. 4, 2010). The lodestar figure is thus often referred to as a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F. 3d 182, 190 (2d Cir. 2008).

As in other civil rights cases, attorneys' fees in FLSA cases "need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011). In considering a fee request, courts should thus avoid placing "an undue emphasis on the amount of plaintiff's recovery." *Id*. (quoting *Grochowski v. Ajet Constr. Corp.*, No. 97-cv-06269, 2002 WL 465272, 2002 U.S. Dist. LEXIS 5031, at *5 (S.D.N.Y. Mar. 27, 2002)).

## ARGUMENT

### I. PLAINTIFFS SHOULD BE AWARDED ATTORNEY FEES AT THE REQUESTED RATES AND FOR THE REQUESTED HOURS, AND COSTS

#### A. THE HOURS SPENT ON THIS MATTER ARE REASONABLE

Plaintiff may recover attorneys' fees through the preparation of their fee application. *See Gagne v. Maher*, 594 F. 2d 336, 343–44 (2d Cir. 1979). Accordingly, the Plaintiffs seek fees from the time they began client intake through the date of this application. Hours worked are deemed reasonable if, "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant*, 973 F.2d at 99.

The time devoted to this action by Plaintiffs' counsel is set forth in detail in the contemporaneous time entries attached to the declaration of Aaron B. Schweitzer that specify, for each timekeeper, the date, the hours expanded, and the nature of work done. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F. 2d 1136, 1147–48 (2d Cir. 1983), *abrogated on other grounds*, *Blum v. Stenson*, 465 U.S. 886 (1984). A reasonable fee is "one that is sufficient to induce

a capable attorney to undertake a representation of a meritorious… case." *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). The lodestar figure looks to "the prevailing market rates in the relevant community." *Id.* at 551 (quoting *Blum*, 465 U.S. at 895). The assessment of hourly rates involves the courts adopting the viewpoint of the client, and confirming that the hourly rates reflect "the rate[s] a paying client would be willing to pay." *Arbor Hill*, 522 F. 3d at 190.

Troy Law has continuously represented Plaintiffs from pre-litigation intake of JIAHANG LIN continually to the present day. The case has been litigated through collective certification, optings-in, extensive discovery, and an eight-day jury trial. The amount of time spent reflects the protracted procedural history of this case, the multiplicity Plaintiffs and Defendants, and the fact that Plaintiffs are not fluent English speakers and required Chinese interpretation.

### B. The Hourly Rates Sought Are Reasonable

"In considering the reasonableness of the hourly rates, the Court considers the prevailing hourly rates in the forum district as presumptively reasonable, but need not adhere to them." *Bank of Am., N.A. v. Malkin*, 2018 U.S. Dist. LEXIS 14529, 2018 WL 624636, at *3–4 (D. Conn. Jan. 30, 2018) (citations omitted); *see also Arbor Hill*, 522 F.3d at 191. "[W]hen faced with a request for an award of higher out-of-district rates, a district court must first apply a presumption in favor of application of the forum rule." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 175 (2d Cir. 2009)).

The "forum rule" is a methodology first developed by the Supreme Court in *Blum*, 465 U.S. 886 (1984). According to the forum rule, courts "should generally use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee." *Arbor Hill*, 493 F.3d at 119 (quoting *In re "Agent Orange" Prod. Liability Litig.*, 818 F.2d 226, 232 (2d Cir. 1987)); *see also Blum*, 465 U.S. at 895; *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983). The court may apply an out-of-district rate (or some other rate, based

on the aforementioned "case-specific variables") if, "in calculating the presumptively reasonable fee[,]… it is clear that a reasonable, paying client would have paid those higher rates." *Id.* at 119; *see also Simmons*, 575 F.3d at 174.

Applying the forum rule, we turn first to the prevailing hourly rates in the Eastern District of New York for other FLSA cases. "Throughout the years[,] a body of caselaw has evolved in the Eastern District establishing these forum rule rates." *Rubin v. HSBC Bank USA, N.A. Equifax Info. Servs. LLC*, 763 F. Supp. 3d 233, 239 (E.D.N.Y. 2025). "Predictably, the rates found to be reasonable 30 or 40 years ago were lower than the current ranges[,]" but "[t]hey tended to climb upward in fits and starts, rather than evolving in a systematic, discernable fashion correlated to th[e] 'reasonable paying client' standard." *Id.* (citations omitted); *see also id.* ("Adjustments and increases to those rates have tended to come in an ad hoc fashion based on indeterminate factors, including inflation.") (citations omitted). However, as it happens, "they have been the same for at least the past thirteen years," *Id.*; *see also id.* at 241 ("[T]he Eastern District courts have been regurgitating these rates for many years without updating them for inflation and market conditions."). "Rates have… remained stagnant in virtually all other cases" since the decision in *Pall Corp. v. 3M Purification Inc.*, finding reasonable hourly rates to be approximately $300.00–$450.00 for partners, $200.00–$325.00 for senior associates, and $100.00–$200.00 for junior associates. *Id.* at 241 (citing, *inter alia*, *Pall Corp. v. 3M Purification Inc.*, Nos. 97-07599 (RRM) (ETB), 03-cv-00092 (RRM) (ETB), 2012 WL 1980403, 2012 U.S. Dist. LEXIs 76755, at *11 (E.D.N.Y. June 1, 2012); *Sung v. Top Sys. Alarm Inc.*, 734 F. Supp. 3d 235, 243 (E.D.N.Y. 2024), *adopted* 734 F. Supp. 3d 235, 238 (E.D.N.Y. 2024) (same rates for an FLSA case in 2024)). Judge Block accordingly recognized these legacy rates as "classic examples of blind adherence to outdated precedent." *Id.*

But as His Honor recognized, "[t]imes have changed." *Rubin*, 763 F. Supp. 3d at 242. "'Attorney's fees, like other goods and services, increase in cost with inflation.'" *Id.* (quoting *Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, 2018 U.S. Dist. LEXIS 25171, at *3 (E.D.N.Y. Feb. 15, 2018) (also recognizing that a reasonable fee would tend to increase with a particular attorney's accrual of experience)). "Moreover, it runs counter to the admonition of the Supreme Court that the lodestar should be 'current rather than historic hourly rates.'" *Id.* (quoting *Gerlinger v. Gleason*, 160 F.3d at 858, 882 (2d Cir. 1998)) (citing *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998)). "Adjust[ing] for inflation and market conditions," Judge Block held that "the forum rates in the Eastern District [are now, and should be until about 2030] $450–$650 for partners, $300–$450 for senior associates, $150–300 for junior associates, and $100–$150 for paralegals." *Id.* at 243–244.

Similarly, in *Guoping Gu v. Lemonleaf Thai Rest. Mineola Corp.*, the Court in reviewing in detail cases from 2019 through 2024 held that "$550–$600 per hour for a partner, and $200–[$]400 per hours for associates and the firm's Managing Clerk… [are] within the reasonable range." *See Guoping Gu v. Lemonleaf Thai Rest. Mineola Corp.*, No. 18-cv-06614 (PKC) (AYS), 2024 WL 3813379, 2024 U.S. Dist. LEXIS 105533, at *27 (E.D.N.Y. Jun. 13, 2024), *adopted by* 2024 U.S. Dist. LEXIS 115880 (E.D.N.Y. June 28, 2024). Plaintiffs' requested rates fall well within the rates set forth by Judge Block in *Rubin*, and also (with the exception of John Troy's requested $650.00) within the rates set forth by Judge Shields and adopted by Judge Chen in *Gu*.

But "courts may [also] rely on their own knowledge of a firm's hourly rates." *Alfaro v. Saba Live Poultry Corp.I*, No. 23-cv-01102 (RA) (KHP), 2024 WL 2112878, 2024 U.S. Dist. LEXIS 88310, at *16 (S.D.N.Y. May 6, 2024). Previously, this firm has been granted "billing rates of $550 to $600 per hour for a partner, and $200 to $400 per hour for associates and the firm's

Managing Clerk." *See Gu v. Lemonleaf Thai Rest. Mineola Corp.*, 2024 U.S. Dist. LEXIS 105533, at *27 (citing, *inter alia*, *Claud v. Brown Harris Stevens of the Hamptons, Inc*., No. 2:18-cv-1930, 2024 WL 245261, at *3 (Jan. 23, 2024) (awarding Plaintiff's attorney an hourly rate of $550 because, *inter alia*, "a rate of $550 per hour is consistent with the high-end of recent prevailing hourly rates used to calculate fee awards for experienced litigators in this District"); *HVT, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15-cv-5867, 2023 WL 5441898, at *5 (E.D.N.Y. Aug. 22, 2023), *adopted*, 2023 WL 6035673 (E.D.N.Y. Sep. 15. 2023) (awarding Plaintiff's lawyer with thirty years of experience an hourly rate of $630 per hour); *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, No. 10-cv-2262, 2019 WL 2870721, at *10 (E.D.N.Y. June 18, 2019), *adopted*, 2019 WL 2869150 (E.D.N.Y. July 3, 2019) (awarding Plaintiff's lawyer in a civil rights case with a more than fifty-year career litigating similar cases an hourly rate of $600 per hour); *Trustees v. Cali Enter., Inc*., No. 18-cv-03556, 2019 WL 2076784, at *6 (E.D.N.Y. May 10, 2019) (noting propriety of award of between $200 and $325 per hour for junior associates litigating ERISA collection matter); *National Environmental Safety Co., Inc. v. Katz*, No. 18-cv-2161, 2019 WL 1994049, at *2 (E.D.N.Y. May 6, 2019) (awarding $500–$600 hourly rate to partners and $300 hourly rate for associates litigating breach of contract case); *Quintanilla v. Good Eats Meal Plan Corp*., No. 18-cv-04350, 2019 WL 1936731, at *2 (E.D.N.Y. May 1, 2019) (noting that courts generally award hourly rates ranging from $300–$400 for experienced attorneys litigating wage disputes); *Reiter v. Maxi-Aids, Inc*., No. 14-cv-03712, 2019 WL 1641306, at *4 (E.D.N.Y. Apr. 16, 2019) (noting propriety of awarding up to $450 per hour for partners and up to $325 per hour for associates in fee shifting cases); *Schwartz v. United States Drug Enforcement Admin*., No. 13-cv-05004, 2019 WL 1299192, at *9 (E.D.N.Y. Mar. 1, 2019), *adopted*, 2019 WL 1299660 (E.D.N.Y. Mar. 21, 2019) (awarding $500 per hour to partner litigating FOIA litigation, and listing

awards of between $500 and $655 per hour for partners handling complex litigation)); *see also* Schweitzer Decl. ¶¶ 22–74 (citing *Sagbaciela v. Ruby Nail Tarrytown, Inc.* No. 53960/2021 (Sup. Ct. Westchester Cty. Feb. 27, 2023 oral ruling); *Lu et al v. Golden Fortune Restaurant Inc et al*, No. 656927/2019 (Sup. Ct. N.Y. Cty. Apr. 27, 2022 Oral Order); *Gu*; $500 in *Wang v. Maxim International Group, Inc.*, No. 01-20-0000-0617 (A.A.A. Final Award June 1, 2021); *Ji et al v. Jling, Inc. et al*, No. 15-cv-04194 (SIL) (E.D.N.Y. Mar. 2, 2023); *Xu v. Kealoha Sushi Inc. et al*, No. 19-cv-01185 (PAE) (SDA) (S.D.N.Y. August 24, 2021); *Weng v. Kung Fu Little Steamed Buns et al*, No. 17-cv-00273 (LAP) (S.D.N.Y. May 21, 2021); *Hu et al v. 226 Wild Ginger Inc. et al*, No. 17-cv-10161 (JGK) (KNF) (S.D.N.Y. Oct. 7, 2020); *Zhang v. Chongqing Liuyishou Gourmet NJ Inc.*, No. 18-cv-10359 (CCC) (SCM) (D.N.J. Nov. 26, 2019); *Shen v. Number One Fresco Tortillas*, No. 16-cv-2015 (RWL) (S.D.N.Y. Feb. 19, 2019); *Zhang v. New Beijing Wok Inc. et al*, No. 17-cv-09465 (S.D.N.Y. Mar. 3, 2020); *Singh et al. v. Dany Restoration, Inc. et al*, No. 17-cv-03787 (S.D.N.Y. Sep. 18, 2018)).

**II. Plaintiff Seeks Compensable Costs**

The Plaintiff is entitled to recover "those reasonable out-of-pocket expenses by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg*, 143 F. 3d at 763 (citation omitted); *see also Cao v. Wu Liang Ye Lexington Rest., Inc.* No. 08-cv-03725, 2010 U.S. Dist. LEXIS 109373, at *24–25 (S.D.N.Y. Sep. 30 2010) (awarding $6,184.08 in costs related to court filings, transcription services and interpreter fees); *Kim v. 167 Nail Plaza, Inc.,* No. 05-cv-8560, 2008 U.S. Dist. LEXIS 111900, at *21 (S.D.N.Y. Nov. 24, 2008) *recommendation adopted*, 2009 U.S. Dist. LEXIS 1992 (S.D.N.Y. Jan. 12, 2009) (awarding "amounts paid for translation services, court fees, and court-reporting services, for a total of $26,098.80").

Plaintiffs request reimbursement for the court filing fees as well as expenses incurred for case filing, deposition and trial transcripts, mediation costs and hiring a Chinese interpreter for

trial. These costs are all reasonable and courts have allowed them in similar cases. *See*, *e.g.*, *Marquez v Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128, at *9–10 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server, deposition and interpreter expenses); *Morris v. Affinity Health Plan, Inc.* , 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011); *Cao v. Wu Liang Ye Lexington Rest., Inc*., No. 08-cv-03725 (DC), 2010 U.S. Dist. LEXIS 109373, at *24 (S.D.N.Y. Sep. 30, 2010) (awarding filing fee and expenses for transcription services and interpreter). The costs expended in this action by Plaintiff's counsel is set forth in detail in the exhibit attached to the declaration of Aaron Schweitzer.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the Court enter a judgment for attorneys' fees and costs against Defendants.

Dated: Flushing, NY
June 27, 2025

TROY LAW, PLLC

*/s/ Aaron B. Schweitzer*
Aaron B. Schweitzer
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com
*Attorneys for Plaintiffs*