UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

JIAHANG LIN, WASING CHAN,
YONGJIE CHEN, JIANSHENG LUO,
ZHONGXIAN RUAN, LIYAN ZHENG,
LIANMING CHEN, ANWEI LI, and
YINGQIANG TAN,

                Plaintiffs,

        v.

RISING SUN RESTAURANT, INC., *d/b/a
ChopStix*, GRAND JOINT FORTUNE
RESTAURANT, INC., *d/b/a ChopStix*,
GEORGE KANG WONG, and MAY
KUEN MOY,

                Defendants.

------------------------------------------------------x

**MEMORANDUM AND ORDER**
17-CV-1044 (RPK) (RML)

RACHEL P. KOVNER, United States District Judge:

Plaintiffs Jiahang Lin, Yongjie Chen, Liyan Zheng, Zhongxian Ruan, and Wasing Chan move for a judgment of attorney's fees and costs. I grant the motion in part, and award $48,678.71 in attorney's fees and $4,856.84 in costs.

## BACKGROUND

Jiahang Lin brought this lawsuit against individual defendants George Kang Wong and May Kuen Moy, and two corporate defendants, Rising Sun Restaurant, Inc., and Grand Joint Fortune Restaurant, Inc., both doing business as "ChopStix." *See* Am. Compl. (Dkt. #1). As relevant here, plaintiffs alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190, 650 *et seq.* Am. Compl. ¶¶ 71–114. Defendants filed counterclaims against Lin for breach of fiduciary duty, breach

1

of the duty of loyalty, violation of the faithless employee doctrine, fraudulent misrepresentation, and unjust enrichment. Answer 15–17 (Dkt. #15). Lin moved for conditional certification of an FLSA collective action on behalf of non-managerial Chopstix employees. Notice of Mot. for Conditional Collective Certification 1 (Dkt. #30). After Magistrate Judge Steven M. Gold granted the motion, eight employees filed consents to join the suit: Wasing Chan, Yongjie Chen, Jiansheng Luo, Zhongxian Ruan, Liyan Zheng, Lianming Chun, Anwei Li, and Yingqiang Tan.

The nine plaintiffs proceeded to a jury trial against defendants on their NYLL claims for failure to provide wage notices and wage statements, unpaid minimum wages, and unpaid overtime and spread-of-hours compensation. At trial, Jiahang Lin and Yongjie Chen prevailed on their minimum and overtime wage, spread-of-hours, and wage-notice claims against Rising Sun Restaurant, Inc., George Kang Wong, and May Kuen Moy, for the time that they worked at Rising Sun Restaurant, Inc. *See* Judgment (Dkt. #162). Plaintiffs Liyan Zheng and Zhongxian Ruan prevailed on their minimum wage and wage-notice claims against the same defendants. *See ibid.* Plaintiff Wasing Chan prevailed on his minimum wage, spread-of-hours, and wage-notice claims, also against the same defendants. *See ibid.* Plaintiffs Jiansheng Luo, Lianming Chun, Yingqiang Tan, and Anwei Li did not prevail on any of their claims against the defendants. *See ibid.*

Consistent with the jury verdict, the Clerk of Court has entered judgment for Jiahang Lin in the amount of $9,959.27; Yongjie Chen in the amount of $34,105.83; Liyan Zheng in the amount of $31,023.63; Zhongxian Ruan in the amount of $24,204.27; and Wasing Chan in the amount of $27,269.23. *Ibid.* These plaintiffs move for an award of attorney's fees and costs. *See* Mot. for Atty.'s Fees & Costs (Dkt. #164).

## DISCUSSION

The NYLL provides for the award of reasonable attorney's fees and costs to a prevailing plaintiff.    *See* N.Y. Lab. L. §§ 198, 663(1); *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  The applicant bears the burden to "demonstrate the reasonableness and necessity of hours spent and rates charged," *Kindle v. Dejana*, 308 F. Supp. 3d 698, 703 (E.D.N.Y. 2018) (citation omitted), and "must submit adequate documentation supporting the requested . . . fees and costs," *Fisher*, 948 F.3d at 600.  As explained below, the prevailing plaintiffs are entitled to $48,678.71 in attorney's fees and $4,856.84 in costs.

### I.    Attorney's Fees

The "lodestar," or "the product of a reasonable hourly rate and the reasonable number of hours required by the case[,] creates a presumptively reasonable fee."  *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks and citation omitted).  Factors that may inform whether a fee is reasonable include "[t]he time and labor required" in litigating a case, "[t]he novelty and difficulty of the questions" involved, "[t]he skill requisite to perform the legal service properly," "[t]he customary fee for similar work in the community," "[t]he experience, reputation, and ability of the attorneys," "[t]he . . . results obtained," and "[a]wards in similar cases."  *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–18 (5th Cir. 1974), *abrogated on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *Lilly v. City of New York*, 934 F.3d 222, 233 (2d Cir. 2019) (explaining that the *Johnson* factors "remain important tools for helping district courts calculate the lodestar").

### A.    Reasonable Hourly Rates

The "reasonable hourly rate is the rate a paying client would be willing to pay . . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively."  *Lilly*, 934 F.3d at 231 (alteration in original) (quoting *Arbor Hill Concerned Citizens*

*Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)). Generally, courts "use the hourly rates employed in the district in which the reviewing court sits," *Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017) (citation omitted), "for similar services by lawyers of reasonably comparable skill, experience, and reputation," *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998). But district courts have "considerable discretion[] to bear in mind *all* of the case-specific variables . . . relevant to . . . a reasonable hourly rate," including the attorney's experience and the complexity of the litigation. *Lilly*, 934 F.3d at 232 (quoting *Arbor Hill*, 522 F.3d at 190).

Plaintiffs' attorneys request $650 per hour (but $350 per hour for travel and "less-than-partner-level" work) for Troy Law's managing partner, John Troy, $400 per hour (but $200 per hour for travel and "less-than-associate level work") for managing associate Aaron Schweitzer, $350 per hour (but $200 per hour for travel and "less-than-associate level work") for managing associate George Byun, $250 per hour (but $150 per hour for travel) for attorney Joseph Indelicato, $250 per hour for attorney Andrew Dellaripa, $150 per hour for attorney Tiffany Troy, and $200 per hour for clerk Preethi Kilaru. Decl. of Aaron B. Schweitzer ¶¶ 23, 37, 49, 62, 69, 72, 76 (Dkt. #165). Those rates are unreasonable.

In this district, approved hourly rates for "law firm partners or shareholders normally range from $200 to $450," *Quintanilla v. Pete's Arbor Care Servs., Inc.*, No. 19-CV-6894 (JMA) (ARL), 2024 WL 3675900, at *5 (E.D.N.Y. Aug. 6, 2024), "$200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for paralegals." *Liu v. Little Saigon Cuisine Inc.*, No. 18-CV-2181 (RPK), 2023 WL 1785544, at *2 (E.D.N.Y. Feb. 6, 2023); *Singh v. Anmol Food Mart, Inc.*, 768 F. Supp. 3d 434, 448 (E.D.N.Y. 2025).

4

Taking into consideration the rates commonly paid in this district and the performance of counsel in this case, $325 is an appropriate rate for John Troy in this lawsuit. While several recent decisions in this district have approved of rates between $325 and $425 per hour for Troy's work, *Shen v. ZenTao Inc.*, No. 19-CV-7269 (AMD) (LB), 2025 WL 746478, at *4–5 (E.D.N.Y. Feb. 18, 2025), *report and recommendation adopted*, 2025 WL 746063 (E.D.N.Y. Mar. 7, 2025); *Cui v. D Prime Inc.*, No. 20-CV-3667 (OEM) (MMH), 2024 WL 3567008, at *5 (E.D.N.Y. July 29, 2024) ($350 per hour); *see Lin v. La Vie En Schezuan Rest. Corp.*, No. 15-CV-9507 (DF), 2020 WL 1819941, at *3 (S.D.N.Y. Apr. 9, 2020) (discussing Eastern District cases), and at least one court in this district approved $550 per hour, *Gu v. Lemonleaf Thai Rest. Mineola Corp.*, No. 18-CV-6614 (PKC) (AYS), 2024 WL 3813379, at *10 (E.D.N.Y. June 13, 2024), *report and recommendation adopted*, Order dated June 28, 2024, other courts in this district have awarded fees at the lower rate of $300 based on performance deficiencies, *Schezuan Rest. Corp.*, 2020 WL 1819941, at *3 (discussing cases in the Eastern and Southern Districts of New York). As "the principal of Troy Law," Troy "is responsible for the work of" his entire litigation team. *Id.* at *4. Accordingly, although Troy did not participate in the trial itself, "it is fair to consider both how this case was managed from its inception and how the trial itself was conducted in determining a reasonable hourly rate for his work." *Ibid.*

Taking into account that performance, Mr. Troy's work merits an hourly rate of $325. The Court appreciates that plaintiffs' counsel focused plaintiffs' trial presentation on the factual issues relevant to their legal claims and appropriately elicited relevant evidence before the jury. Nevertheless, substantial portions of the trial presentation were conducted inefficiently, and the presentation of plaintiffs' case was impeded by unnecessary and combative arguments with opposing counsel in the presence of the jury and the Court. *See, e.g.*, Trial Tr. 484:8–9 (Dkt.

5

#156); *id.* at 533:24–534:3, 591:8–11, 626:14–19, 641:9–19, 702:21–703:19 (Dkt. #150). These arguments, which frequently involved counsel trading insults with each other, were accompanied by unnecessary colloquies and repeated requests for sidebars while the jury waited for the case to progress. *Id.* at 251:2–8 (Dkt. #157); *id.* at 510:1–8, 578:2–18, 672:4–24. To take one example, counsel's repetitive cross-examination concerning defendant George Kang Wang's authority to hire the plaintiffs impeded counsel from efficiently presenting his arguments. *See, e.g.*, *id.* at 598:11–17, 599:8–14, 611:19–23; *see also id.* at 667:5–7. In doing so, counsel repeatedly raised his voice at and interrupted Wang, inviting distracting arguments with opposing counsel. *See id.* at 660:1–9, 626:11–19, 637:14–17, 641:17–18, 666:4–12. A $325 rate therefore appropriately accounts for both the prevailing rates in this district and the performance of his team in this case.

$200 per hour is appropriate for Schweitzer, who conducted the trial. Courts in this district have often awarded Schweitzer between $150 and $300 per hour for trials he conducted around 2022. *See Chen v. Glow Asian Foods, Inc.*, No. 19-CV-630 (ST), 2026 WL 218740, at *1 (E.D.N.Y. Jan. 28, 2026); *Teoh v. Manhasset Rest., LLC*, No. 22-CV-4110 (NJC) (LGD), 2025 WL 1088045, at *8 (E.D.N.Y. Apr. 10, 2025), *report and recommendation adopted*, 2025 WL 1736835 (E.D.N.Y. June 23, 2025); *Wang v. XBB, Inc.*, No. 18-CV-7341 (PKC) (ST), 2023 WL 2614143, at *4–5 (E.D.N.Y. Mar. 23, 2023); *Zang v. Daxi Sichuan, Inc.*, No. 18-CV-6910 (DG) (SJB), 2023 WL 2305934, at *3 (E.D.N.Y. Mar. 1, 2023). A rate of $200 falls within this range and appropriately reflects the caliber of Schweitzer's work on this case for the reasons set out above.

A rate of $150 per hour is appropriate for Byun, a "managing associate" at the firm. Decl. of Aaron B. Schweitzer ¶ 24. Mr. Byun worked on this case from April to December 2017, Invoice 2, 7 (Dkt. #165-10), two years after he was admitted to the New York State Bar in 2015. This

Court has awarded Mr. Byun a comparable rate in other cases for work during this period.  *See, e.g.*, *Schezuan Rest. Corp.*, 2020 WL 1819941, at *5 (compiling cases awarding Byun fees at a rate of $150 to $200 per hour); *Sun v. Sushi Fussion Express, Inc.*, No. 16-CV-4840 (RPK) (LB), 2022 WL 2193441, at *3 (E.D.N.Y. June 17, 2022); *Chen v. Hunan Manor Enter., Inc.*, No. 17-CV-802 (GBD) (GWG), 2024 WL 2140119, at *6 (S.D.N.Y. May 14, 2024), *report and recommendation adopted*, 2024 WL 3454751 (S.D.N.Y. July 18, 2024).

A rate of $110 per hour, at the lower end of the range used by courts in this district for junior associates, is reasonable for attorneys Dellaripa and Indelicato.  *See Sushi Fussion Express*, 2022 WL 2193441, at *3; *Chocolatl v. Rendezvous Cafe, Inc.*, No. 18-CV-3372 (CBA) (VMS), 2019 WL 5694104, at *14 (E.D.N.Y. Aug. 16, 2019).  During the few months in 2017 that the two attorneys worked on this case, Indelicato had around a year of post-graduation legal experience. *See* Decl. of Aaron B. Schweitzer ¶¶ 64–67; Invoice 3–4.  The Court assumes the same for Dellaripa, for whom plaintiffs adduce no information other than that he "was admitted to the New York State Bar" in 2016.  Decl. of Aaron B. Schweitzer ¶ 71.  Accordingly, $110 per hour is an appropriate rate for both attorneys.

A rate of $100 per hour is reasonable for Tiffany Troy.  Tiffany Troy appears to have functioned as a support staff member in this matter, performing roles that did not require legal training.  *See* Invoice 2–3 ("Set Up the Text Message, WeChat & Line," "Scan and Verify ID[s]," "Scan Retainer" agreements, "Translate to Client[s]"); *id.* at 4 ("Contact clients to come in"); *id.* at 5 ("Scan punch cards+tax return"); *id.* at 7 ("Notice Mail Returned"); *id.* at 12 ("Set Up Zoom Access," "Confirm Client Attendance for Trial Prep," "trial prep (translate)").  Given uncertainties about the nature of Tiffany Troy's work on this case, a rate at the bottom of the range for junior attorneys and at the very top of the range for paralegals is appropriate.

Finally, courts in this district usually award non-attorneys and support staff at Troy Law $75 per hour for their work on similar cases, and I find such an hourly rate is reasonable here for Kilaru. *See Jin v. Shanghai Original, Inc.*, No. 16-CV-5633 (ARR) (JO), 2020 WL 4783399, at *5 (E.D.N.Y. Aug. 18, 2020); *Xie v. Sakura Kai*, No. 17-CV-7509 (ILG) (JO), 2020 WL 4587473, at *2 (E.D.N.Y. Mar. 12, 2020), *report and recommendation adopted*, 2020 WL 2569406 (E.D.N.Y. May 20, 2020); *Chen v. LJC Trading N.Y., Inc.*, No. 19-CV-3276 (SJF) (AKT), 2020 WL 10574176, at *11 (E.D.N.Y. Nov. 20, 2020) ($75 per hour for non-attorneys and support staff).

Plaintiffs do not offer a compelling reason to depart from the rates noted above. Though fees may "increase in cost with inflation," *Rubin v. HSBC Bank USA, NA*, 763 F. Supp. 3d 233, 242 (E.D.N.Y. 2025) (citation omitted); Mem. of L. in Supp. of Mot. for Attorneys' Fees & Costs ("Pls.' Mot.") 5 (Dkt. #166), the rates I use are similar to those used for Troy Law attorneys by numerous courts in this district within the last two years, *see, e.g.*, *Teoh*, 2025 WL 1088045, at *4–5; *ZenTao Inc.*, 2025 WL 746478, at *4–5; *Juarez v. 156-40 Grill LLC*, No. 15-CV-5081, 2024 WL 4834313, at *5 (E.D.N.Y. Nov. 20, 2024); *Li v. NY Capri Nails & Spa Inc.*, 797 F. Supp. 3d 119, 133 n.8 (E.D.N.Y. 2025). The cases on which plaintiffs rely, some of which have awarded higher rates to the Troy Law team, do not reflect the adjustments made due to their performance in this case. *See* Pls.' Mot. 5–7. Therefore, I find that John Troy's reasonable hourly rate for work on this case is $325, Schweitzer's is $200, Byun's is $150, Indelicato's is $110, Dellaripa's is $110, Tiffany Troy's is $100, and Kilaru's is $75.

## B.    Reasonably Expended Hours

### 1.    Overbilling

Because the number of hours billed by Troy Law in this case is excessive, a thirty-percent across-the-board reduction is appropriate.

"In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours," *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999), as well as time entries that "are vague or otherwise inadequate to enable the court to determine the reasonableness of the work performed," *Wen v. Hair Party 24 Hours Inc.*, No. 15-CV-10186 (ER) (DCF), 2021 WL 3375615, at *14 (S.D.N.Y. May 17, 2021) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)), *report and recommendation adopted*, 2021 WL 2767152 (S.D.N.Y. July 2, 2021). To calculate reasonable hours expended in litigating a case, "[a] district court may . . . use a percentage deduction as a practical means of trimming fat." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted).

Here, attorney time sheets reflect systematic overbilling, as well as billing by attorneys for simple clerical tasks that could be performed by non-attorneys. For example, John Troy, the firm's named partner, billed three-and-a-half hours to file the complaint, a task that should have taken support staff a fraction of that time. *See* Invoice 1. Troy also billed time to set up "Text Message" and "WeChat" groups with clients, *id.* at 1 (entry for Feb. 12, 2017), research the restaurants' "Liquor Licenses," *ibid.* (entry for Feb. 12, 2017), explore their accounts on "Yelp," "Grubhub," and "MenuPages," *ibid.* (entry for Feb. 12, 2017), create a binder for the suit, *see ibid.* (entry for Feb. 12, 2017), and mail the notice of the lawsuit to defendants, *see id.* at 2 (entry for Mar. 10, 2017). While Troy requests only $350 per hour for such "less-than-partner-level work," Decl. of Aaron B. Schweitzer ¶ 23, these tasks "should have been handled by a less-experienced lawyer or support staff" billing at far less than $350 per hour, *Shanghai Original*, 2020 WL 4783399, at *8. Troy also billed two hours at his putative $650-per-hour rate to file four consent forms to become

9

a party to the action.  *See* Invoice 3–4.  "[A] close review of the tasks that Mr. Troy performed reveals that much and perhaps most of this work could have been performed by junior associates," *Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13-CV-6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015), or clerical staff.

Those billing issues are not confined to John Troy.  Schweitzer billed time to apply Bates indices to discovery materials, *see* Invoice 5–6 (entries for Aug. 29, 2017), and compile exhibit binders, *id.* at 12 (entry for Oct. 25, 2022); *see Yuan v. & Hair Lounge Inc.*, No. 18-CV-11905 (AT) (BCM), 2023 WL 4534872, at *9 (S.D.N.Y. June 28, 2023), *report and recommendation adopted*, 2023 WL 4535085 (S.D.N.Y. July 13, 2023).  Byun billed time to conduct data entry and mark a deposition date on the calendar.  *See* Invoice 6 (entry for Oct. 12, 2017 to "Email OC back and forth confirming depo of Plfs, mark calendar and data entry").  Though some of these tasks were billed at lowered rates for "less-than-associate-level work," Decl. of Aaron B. Schweitzer ¶ 49, these ministerial tasks could have been performed by non-lawyers or junior associates.  "In this relatively straightforward . . . case" under the NYLL, "staffing the case in such a manner warrants an across-the-board adjustment in the number of hours billed." *Agudelo v. E & D LLC*, No. 12-CV-960 (HB), 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013); *Sakura Kai*, 2020 WL 4587473, at *4 (forty-percent across-the-board reduction after re-allocating most of John Troy's hours to junior attorneys).

Moreover, many of the time entries "are too vague to allow for meaningful judicial scrutiny." *Hair Party*, 2021 WL 3375615, at *23.  For example, the time sheet includes entries with no more detail than "Research: Lexis Nexis /Legal / Other," Invoice 1, "Plaintiff(s)' Interrogatories," *id.* at 4, "Reviewing Documents," *id.* at 6, "Courtesy Reminder," *id.* at 7, and "call client," *id.* at 9.  Because plaintiffs' billing records are frequently "vague" and "reflect

10

overstaffing and poor billing judgment," a thirty-percent blanket reduction of billable hours is appropriate. *Shanghai Original*, 2020 WL 4783399, at \*8; *Shen*, 2025 WL 746478, at \*7.

### 2. Travel Time and Time for Less-Than-Partner-Level or Less-Than-Associate-Level Work

Defendants do not contest that plaintiffs' attorneys should be billed at a reduced hourly rate for travel time, time spent performing "less-than-partner-level" or "less-than-associate-level" work, and work performed solely for non-prevailing plaintiffs. Decl. of Aaron B. Schweitzer ¶¶ 23, 49. I adjust the billing entries accordingly. *See generally* Defs.' Opp'n (Dkt. #168).

### C.     Success in the Litigation

I decline to apply a further reduction to the fee award based on plaintiffs' limited success in this litigation. *See id.* at 7–11. "[T]he most critical factor in a district court's determination of what constitutes reasonable attorney's fees in a given case is the degree of success obtained by the plaintiff." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (internal quotation marks omitted) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). But the Second Circuit has clarified that "[a]bsent a purely technical victory in an otherwise frivolous suit, litigation outcomes are only relevant to fee award calculations when they are a direct result of the quality of the attorney's performance[,] . . . [a]nd . . . considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate used to calculate the lodestar initially." *Millea*, 658 F.3d at 168 (internal quotation marks omitted) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010)). To the extent plaintiffs' success rate reflects their counsel's performance at trial, "I have already considered the quality of [p]laintiff[s'] counsel's performance when I set their reasonable hourly rates," and I have reduced attorney hours to account for their poor billing and staffing practices. *Wan v. YWL USA Inc.*, No. 18-CV-10334 (CS), 2021 WL 1905036, at \*9 (S.D.N.Y. May 12, 2021). Defendants have

11

pointed to no "exceptional circumstances" that would make further adjustment of the lodestar appropriate. *Millea*, 658 F.3d at 169.

### D. Final Calculation

Therefore, I find that John Troy's reasonable hourly rate for work on this case is $325, Schweitzer's is $200, Byun's is $150, Indelicato's is $110, Dellaripa's is $110, Tiffany Troy's is $100, and Kilaru's is $75. I bill travel time, as well as time spent performing less-than-partner-level and less-than-associate-level work, at a half rate. Finally, I apply a thirty-percent across-the-board reduction to the hours expended in this action.

| Name | Hourly Rate | Reduced Rate | Normal-Rate Hours | Reduced-Rate Hours | Total Fees | Total Fees (With 30% Reduction) |
|---|---|---|---|---|---|---|
| John Troy | $325.00 | $162.50 | 62.92 | 13.78 | $22,688.25 | $15,881.78 |
| Aaron Schweitzer | $200.00 | $100.00 | 130.58 | 18.26 | $27,942.00 | $19,559.40 |
| George Byun | $150.00 | $75.00 | 52.38 | 2.13 | $8,016.75 | $5,611.73 |
| Joseph Indelicato | $110.00 | $55.00 | 3.3 | 1.5 | $445.50 | $311.85 |
| Andrew Dellaripa | $110.00 | N/A | 17 | 0 | $1,870.00 | $1,309.00 |
| Tiffany Troy | $100.00 | N/A | 64.17 | 0 | $6,417.00 | $4,491.90 |
| Preethi Kilaru | $75.00 | N/A | 28.82 | 0 | $2,161.50 | $1,513.05 |
| Total: | | | | | | $48,678.71 |

*See* Invoice 1–15.

Accordingly, the reasonable fee in this case is $48,678.71.

## I. Costs

Costs "normally include[] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Fisher*, 948 F.3d at 600 (quoting *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)). In

calculating costs, district courts need only identify expenses that were "reasonable, incidental, and necessary" to representing the prevailing plaintiffs in this case. *Id.* at 601.

Plaintiffs appear to seek $6,634.62 in filing, mailing, service, travel, transcription, and translation costs related to this action. *See* Invoice 14. Defendants request that the Court exclude plaintiffs' costs to obtain the trial transcript for their post-trial motion because the motion was denied, as well as the costs of plaintiffs' "notice of pendency expenses" because the notice relates to a different suit. Aff. in Opp'n to Mot. for Att'y's Fees ¶¶ 149, 151 (Dkt. #167). They also argue that the costs of plaintiffs' interpreter should be reduced to the extent he interpreted the testimony of the non-prevailing plaintiffs. *Id.* ¶¶ 152–54.

The Court finds $4,856.84 a reasonable estimate of costs. While plaintiffs' motion to harmonize the special verdicts failed, *Lin v. Rising Sun Rest., Inc.*, No. 17-CV-1044 (RPK) (RML), 2025 WL 373461, at *4 (E.D.N.Y. Feb. 3, 2025), it was not so unreasonable as to justify a reduction in costs, *cf. Caltenco v. G.H. Food Inc.*, No. 16-CV-1705 (VMS), 2021 WL 4481205, at *9 (E.D.N.Y. Sept. 30, 2021); *Callari v. Blackman Plumbing Supply, Inc.*, No. 11-CV-3655 (ADS) (AKT), 2020 WL 2771008, at *16 (E.D.N.Y. May 4, 2020), *report and recommendation adopted*, 2020 WL 2769266 (E.D.N.Y. May 28, 2020). In obtaining a copy of the trial transcript to craft their post-trial strategy, plaintiffs incurred "reasonable, incidental, and necessary" costs in this action. *Fisher*, 948 F.3d at 601. Plaintiffs' invoice entry for printing a "Notice of Pendency," moreover, appears to reference the notice of an FLSA collective action filed in this action, not an unrelated suit. Notice of Pendency (Dkt. #43). Finally, the Court awards plaintiffs five-ninths of the $4,000 cost of the interpreter, or $2,222.22, because only five of the nine plaintiffs prevailed in this case. *See De La Cruz Rosas v. Just Salad 60 Third LLC*, No. 18-CV-7342 (JGK) (BCM), 2023 WL 5423982, at *6 (S.D.N.Y. Aug. 4, 2023) (collecting cases prorating fees where only

subset of plaintiffs prevail), *report and recommendation adopted*, 2023 WL 5390985 (S.D.N.Y. Aug. 22, 2023); *cf. Adorno v. Port Auth. of N.Y. & N.J.*, 685 F. Supp. 2d 507, 518 (S.D.N.Y. 2010) (reducing costs of expert witness supporting seven plaintiffs, only two of whom prevailed in 42 U.S.C. § 1988 claim).  Indeed, plaintiffs' invoice also does not charge for work performed for non-prevailing parties.  *See, e.g.*, Invoice 12.  I therefore find $4,856.84 a reasonable amount of costs to award plaintiffs in this action.

## CONCLUSION

Plaintiffs' motion is granted in part.  I award plaintiffs $48,678.71 in attorney's fees and $4,856.84 in costs in conjunction with the judgment entered on May 19, 2025.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: March 23, 2026
       Brooklyn, New York

14